UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAMARA ARCHER LEIGH,

Plaintiff,

v.

STATE OF WASHINGTON,
DEPARTMENT OF LABOR &
INDUSTRIESS, AND JOEL SACKS,
DIRECTOR,

Defendants.

CASE NO. 3:20-CV-6254-BHS

ORDER TO SHOW CAUSE

The District Court has referred Plaintiff's pending Application to Proceed *In Forma Pauperis* ("IFP") and Proposed Complaint (Dkt. 1) to the undersigned pursuant to Amended General Order 02-19. Plaintiff has also filed an Application for Court-Appointed Counsel ("Motion for Appointment of Counsel"). Dkt. 1-3. Having reviewed and screened Plaintiff's Proposed Complaint under 28 U.S.C. § 1915(e)(2), the Court finds Plaintiff has failed to state a claim. The Court dismisses Plaintiff's Proposed Complaint without prejudice, re-notes the pending Application to Proceed IFP, and provides Plaintiff leave to file an amended pleading by February 19, 2021, to cure the deficiencies identified herein or show cause why this action

1    should not be dismissed. Plaintiff's Motion for Appointment of Counsel is denied without

2    prejudice.

3    **I.      Background.**

4           Plaintiff submitted a claim for worker's compensation benefits to the Washington State

5    Department of Labor and Industries in 2007. Dkt. 1. The Department initially awarded her

6    benefits conditioned on her participating in a vocational retraining program. *Id.* Her benefits

7    were suspended in April 2011 when the Department discovered she allegedly had not complied

8    with the agreement to participate in the retraining program. *Id.* Plaintiff appealed

9    administratively and through the Washington State Courts. *Id.* On December 2, 2020, the

10   Washington State Supreme Court denied her motion to modify a ruling issued by the Washington

11   Supreme Court Commissioner in which her claim was dismissed. *Id.*

12          On December 30, 2020, Plaintiff filed this action seeking damages for "the continued and

13   unlawfully denied time-loss" as required by the Washington Industrial Insurance Act. *Id.* Her

14   Statement of Claim asserts constitutional due process violations and a claim under 42 USC

15   §1983:

16          Plaintiff is an injured worker in the State of Washington and the Defendant
            accepted the claim in July 2007. The Defendants failed to communicate an order
17          with the commanded due process language per state statutes, rules, and
            understandings developed by state officials with the Washington's [sic] Industrial
18          Insurance Act, which emulate the U.S. Const. Amend. XIV, §1, Due Process
            Clause, 42 U.S. § 1983. Civil action for deprivation of rights and WA Const. Art.
19          I §3, Due Process.

20   *Id.* Plaintiff attached to her Complaint completed forms from the Ninth Circuit Court of Appeals

21   reflecting that she may be intending to submit an appeal of the Washington State Supreme Court

22   decision to the Court of Appeals. *Id.*

23

24

ORDER TO SHOW CAUSE - 2

## II.    Discussion

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The Court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An in IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

Unless it is clear a *pro se* plaintiff cannot cure the deficiencies of a complaint, the Court will provide the *pro se* plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment").

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) she suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

>        A.   *Due Process Claims.*

Pursuant to the Due Process Clause of the Fourteenth Amendment, "no state shall 'deprive any person of life, liberty, or property without due process of law.'" *Toussaint v. McCarthy*, 801 F.2d 1080, 1089 (9th Cir. 1986), *overruled on other grounds*; *Sandin v Conner*, 515 U.S. 472 (1995). The due process guarantees of the Fourteenth Amendment thus "apply only when a constitutionally protected liberty or property interest is at stake." *Tellis v. Godinez*, 5 F.3d 1314, 1316 (9th Cir. 1993).

ORDER TO SHOW CAUSE - 4

Here, Plaintiff states the "Defendants failed to communicate an order with the commanded due process language per state statutes, rules and understandings developed by state officials." She also alleges she never received an April 1, 2011 order and therefore was "unaware of judicial recourse" until she discovered the order on August 25, 2016. Dkt. 1. Plaintiff attaches 60 pages of additional documents in support. Dkts. 1-3.

The Court is required to liberally construe pro se documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(e).

Plaintiff has submitted conclusory claims without a simple, concise, and direct statement of her claims. The 60-page supplement uses the United State Court of the Ninth Circuit Notice of Appeal forms which indicate she may be intending to file an appeal of her state court action. Plaintiff was informed by the Clerk of this District Court that a Notice of Appeal to the Ninth Circuit Court of Appeals is not accepted at the District Court unless she is appealing a case filed in this District Court. Dkt. 1-5. She has not identified what protected liberty or property interest is at stake. Thus, the Complaint is vague and unclear on what claims she is bringing and against what individuals she is bringing those claims.

Based on the foregoing reasons, Plaintiff has failed to state a due process claim.

        *B. 1983 Claims.*

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in

1  another's affirmative act, or omitting to perform an act which is legally required. *Johnson v.*

2  *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). However, sweeping conclusory allegations against an

3  official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit

4  cannot be based on vicarious liability alone, but must allege the defendant's own conduct

5  violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

6        Plaintiff is suing Joel Sacks in his official capacity as Director of the Department of

7  Labor & Industries. Plaintiff does not allege Defendant Sacks participated in any alleged

8  constitutional violations. Because vicarious liability does not apply to a § 1983 suit, this claim

9  should be dismissed unless Plaintiff pleads facts in an amended complaint showing Defendant

10  Sacks' actions violated the Constitution. *See Ashcroft*, 556 U.S. 662.

11        Plaintiff also names the State of Washington and the Washington State Department of

12  Labor & Industries ("DLI") as a Defendant. Dkt. 1. Section 1983 applies to the actions of

13  "persons" acting under the color of state law. The DLI, as an arm of the state of Washington, is

14  not a "person" for purposes of a § 1983 civil rights action. *See Will v. Michigan Dep't. of State*

15  *Police*, 491 U.S. 58, 65, 71 (1989). Additionally, there is no evidence the state of Washington

16  has waived its Eleventh Amendment immunity in federal courts. Therefore, the State of

17  Washington and DLI, as a state agency, cannot be sued under § 1983.

18        Based on the foregoing reasons, Plaintiff has failed to state claim under 42 U.S.C. § 1983.

19              *C.  Motion for Appointment of Counsel.*

20        There is no constitutional right to appointed counsel in a § 1983 action. *Storseth v.*

21  *Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S.*

22  *Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is

23  discretionary, not mandatory"). However, in "exceptional circumstances," a district court may

24

ORDER TO SHOW CAUSE - 6

appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his [or her] claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing an insufficient grasp of the case or the legal issues involved and an inadequate ability to articulate the factual basis of his or her claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff contends she needs help with understanding the strict court procedures and timeframes and that it would alleviate the frustration and legal concerns on both sides. Dkt. 1-3. The Court notes that Plaintiff was able to navigate and present her claims in her state court case through the administrative proceedings and on an appeal which ended with proceedings before and a decision by the State Supreme Court. Also, at this stage the Court cannot conclude Plaintiff is likely to succeed. While Plaintiff indicates she would appreciate help, her filings in the state court show an ability to articulate both the factual and legal bases of Plaintiff's claims. In short, this case does not, at this time, present the extraordinary circumstances required for the appointment of counsel. *See Wilborn*, 789 F.2d at 1331. Plaintiff's Motion for Appointment of Counsel is denied without prejudice.

### III.    Instruction to Plaintiff and the Clerk

The Court reminds Plaintiff that if she intends to appeal the decision of the Washington Supreme Court to the Ninth Circuit Court of Appeals she cannot do so by filing the necessary

1   documents for appeal with this Court. She must file directly with the Ninth Circuit Court of

2   Appeals.

3         Further, if Plaintiff intends to pursue due claims in a § 1983 civil rights action in this

4   Court, she must file an amended complaint and within the amended complaint, she must write a

5   short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated;

6   (2) the name of the person who violated the right; (3) exactly what the individual did or failed to

7   do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's

8   constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's

9   conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

10         Plaintiff shall present the amended complaint on the form provided by the Court. The

11   amended complaint must be legibly rewritten or retyped in its entirety, it should be an original

12   and not a copy, it should contain the same case number, and it may not incorporate any part of

13   the original complaint by reference. The amended complaint supersedes the original complaint

14   and the amended complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)

15   *overruled in part on other grounds*; *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012).

16   Therefore, the amended complaint must be complete in itself and all facts and causes of action

17   alleged in the Original Complaint that are not alleged in the amended complaint are waived.

18   *Forsyth*, 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it

19   contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights.

20   The Court will not authorize service of the amended complaint on any Defendant who is not

21   specifically linked to a violation of Plaintiff's rights.

22

23

24

1    If Plaintiff fails to file an amended complaint or fails to adequately address the issues

2  raised herein on or before February 19, 2021, the undersigned will recommend dismissal of this

3  action as frivolous pursuant to 28 U.S.C. § 1915.

4    The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

5  civil rights complaint and for service. The Clerk is further directed to send copies of this Order

6  and Pro Se Instruction Sheet to Plaintiff and re-note the Application to Proceed *In Forma*

7  *Pauperis* to February 19, 2021. Plaintiff's Motion for Appointment of  Counsel is denied without

8  prejudice.

9    Dated this 14th day of January, 2021.

10

11

12

David W. Christel
United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

ORDER TO SHOW CAUSE - 9